UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:25-cr-00119-JPH-MKK |
| | ) |
| GENARO TAPIA, | ) -03 |
| | ) |
| Defendant. | ) |

**ORDER**

Defendant Genaro Tapia is charged by indictment with conspiracy to distribute controlled substances. Dkt. 1. After he was arrested in the District of Arizona, the Magistrate Judge there held a detention hearing and ordered him released. The government has filed a motion entitled "Motion for Reconsideration of Release Order" that asks this Court "for reconsideration of the release order issued by the District of Arizona." Dkt. 224.

The government first cites 18 U.S.C. § 3142(f), which allows a detention hearing to be "reopened" if the Court finds that "information exists that was not known to the movant at the time of the hearing and that has a material bearing on whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." Dkt. 224 at 1. Because the government has not alleged that any of its proffered information was previously unknown, it has not shown a basis for reopening a detention hearing under § 3142(f).

1

Elsewhere in the motion, the government states that as relief it is seeking "revocation of the order of pretrial release pending review by this Court" and cites 18 U.S.C. § 3145(a), which authorizes this Court to revoke or amend the Magistrate Judge's release order.  Dkt. 224 at 2, 4.  It's not clear from the motion, however, whether as relief the government is asking the Court to revoke the release order, or only asking the Court to order that Mr. Tapia be transported to this district for a hearing on that issue.  *See id*; dkt. 224-1[1].

The government therefore **shall file by noon on June 30, 2025**, a supplement to dkt. 224, (1) identifying the statutory provisions upon which the motion is based; (2) identifying the specific relief sought and citing applicable statutory provisions that authorize the Court to grant such relief; (3) explaining why an in-person hearing in the Southern District of Indiana is necessary for the Court to decide the government's motion; and (4) stating the government's view of how the § 3142(g) factors apply in this case.  The government **shall also file** a transcript or recording of the detention hearing from the District of Arizona if one is available.

Mr. Tapia **may respond by July 1, 2025**.

The government **shall immediately serve** Mr. Tapia's counsel with a copy of its motion, this order, and its subsequent filings on this issue.  Mr.

---

[1] The draft order submitted by the government with the motion would have the court (1) grant the government's motion for reconsideration; (2) stay Mr. Tapia's release pending his return to the Southern District of Indiana and review by this Court of the order granting his pretrial release pursuant to 18 U.S.C. § 3142(f); and (3) order the United States Marshal's Service to transport Mr. Tapia to the Southern District of Indiana for "hearings."

Tapia's release **is stayed** pending this Court's resolution of the government's motion. *See* 2:25-mj-9232-ESW-2 dkt. 13 (D. Ariz.) (staying Mr. Tapia's release "pending the detention appeal in the charging district and until further order of the Court in the charging district").

    Finally, the government filed its motion under seal, but it has not contemporaneously filed a motion to maintain it under seal as Local Criminal Rule 49.1-2(g) requires, and its motion indicates that only the Pretrial Services Report at dkt. 224-2 is confidential. Dkt. 224 at 4. The **Clerk is therefore directed** to unseal the motion at dkt. 224 and tendered order at dkt. 224-1 and maintain only dkt. 224-2 under seal.

**SO ORDERED.**

Date: 6/27/2025

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All electronically registered counsel